UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10113-CIV-MARTINEZ
MAGISTRATE JUDGE P.A. WHITE

ROBERT MICHAEL SHEPARD,        :

    Plaintiff,             :     REPORT RE FAILURE TO PAY
                                     FILING FEE OR FILE DETAILED
v.                             :       FINANCIAL AFFIDAVIT
                                     REQUIRED BY PRIOR ORDER
MICHAEL STRICKLAND,            :

    Defendants.            :
_____

    The plaintiff in this _pro se_ prisoner civil rights case failed to file a motion to proceed _in forma pauperis_ and provide the prison account statement required by 28 U.S.C. §1915(a), as amended April 26, 1996, or pay the Clerk's $350.00 filing fee.

    Pursuant to 28 U.S.C. §1915(b), as amended April 26, 1996, if a prisoner brings a civil action _in forma pauperis_, the prisoner must be required to pay the full filing fee. Initially, the Court must assess 20% of the greater of

    A)  the average monthly deposits to the prisoner's account; or

    B)  the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint.

    Thereafter, the prisoner must make payments of 20% of the preceding month's income credited to his account. The agency having custody of the prisoner must forward payments from the

prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid.

A detailed order was entered informing the plaintiff of the statutory requirements.  He was provided with appropriate forms and ordered to complete and file them with the Court.  Moreover, he was cautioned that failure to complete and file the required documents would result in a report recommending dismissal of the case if the full filing fee of $350.00 had not been paid.

The due date for filing the forms or paying the fee has expired and the plaintiff has done neither.

Further, the plaintiff claims that he is being unlawfully detained for a crime he did not commit. The plaintiff should discuss these claims with his attorney.  Because the plaintiff is a pretrial detainee and his state criminal proceedings are still in progress, this Court is prohibited from interfering therein.  See Younger v. Harris, 401 U.S. 37 (1971).  Under Younger and its progeny, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances.  See Arkebauer v. Kiley, 985 F.2d 1351, 1357 (7 Cir. 1993).  Resolving the plaintiff's Section 1983 claims would significantly interfere with pending state criminal proceedings, and the plaintiff has not alleged that any extraordinary circumstances exist for interfering with his state case.

It is therefore recommended that this case be dismissed, without prejudice, for lack of prosecution.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

DONE AND ORDERED at Miami, Florida, this 25th day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Robert Michael Shepard, Pro Se
      #7016725
      Monroe County Detention Center
      Address of Record